United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Douglas Longhini, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20330-Civ-Scola |
| | ) |
| Hayday, Inc., and others, | ) |
| Defendants. | ) |

## Order Granting Motion to Set Aside Default

Defendant El Prado Corp. ("El Prado") has moved to set aside the Clerk's default that was entered against it on March 22, 2017. (Mot. to Set Aside Default, ECF No. 29.) After considering the motion and the record, the Court grants the Defendant's motion.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court may consider (1) whether the defaulting party presents a meritorious defense; (2) whether the default was culpable or willful; and (3) whether setting it aside would prejudice the adversary. *Id.*

With respect to the first factor, El Prado notes that the other three Defendants in this case have filed motions to dismiss the Complaint (ECF Nos. 21, 22, 28). El Prado asserts that these motions to dismiss are based on the vague and confusing nature of the Plaintiff's claims, which are defenses that El Prado will also be able to raise. (Mot. at 5, ECF No. 29.) El Prado asserts that it is unable to determine which allegations are directed towards it. (*Id.*) In addition, this suit is brought under the Americans with Disabilities Act and El Prado asserts that the property at issue has already been the subject of litigation in other matters which have been resolved. (*Id.*) El Prado's defenses raise at least a "hint of a suggestion" that its case could have merit. *See Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 13-cv-20600, 2008 WL 162754, at *3 (S.D. Fla. 2008) (Marra, J.) (noting that likelihood of success is not the

measure; the movant need only provide a hint of a suggestion that its case has merit) (internal quotations and citations omitted).

Second, El Prado asserts that its actions were not culpable or willful. In support of this assertion, El Prado states that it is a small, family-owned company that operates the El Prado Restaurant. (Mot. at 1, ECF No. 29.) The Complaint was handed to a cashier at the restaurant, who was unaware of the significance of the document and did not give it to El Prado's registered agent, Karen Torres, for several days. (*Id.*) After receiving the Complaint, Ms. Torres did not know what response was required and contacted the restaurant's landlord, who is a co-defendant in this matter. (*Id.* at 1-2.) The landlord advised Ms. Torres that the Plaintiff had moved for a default against El Prado. (*Id.* at 2.) El Prado then contacted the law firm that is representing the landlord and requested representation. (*Id.*) El Prado submitted a declaration from Ms. Torres in support of its motion. (Mot. Ex. A, ECF No. 29-1.) El Prado's conduct does not rise to the level of willfulness, and it acted within a reasonable time to vacate the entry of default. *See Compania Interamericana Export-Import, S.A. v. Compania Domincana de Aviacion*, 88 F.3d 948, 952 (11th Cir. 1996) ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful."); *Griffin IT Media*, 2008 WL 162754, at *2 (setting aside the entry of default because the defendant's failure to establish minimum procedural safeguards for receiving legal pleadings constituted inexcusable neglect but was not willful or culpable, and the defendant acted in a reasonable time to vacate the entry of default).

Finally, El Prado asserts that the Plaintiff will not suffer any prejudice if the default is vacated. (Mot. at 5, ECF No. 29.) The motions to dismiss filed by the other three Defendants are still pending, and the case is in the early stages of litigation. (*Id.*) Furthermore, the Court notes that the Plaintiff did not submit an opposition to the Defendant's motion.

Accordingly, El Prado's motion to set aside the Clerk's entry of default (ECF No. 29) is **granted**. El Prado must file a response to the Complaint on or before **April 28, 2017**.

**Done and ordered** at Miami, Florida on April 19, 2017.

_____
Robert N. Scola, Jr.
United States District Judge