United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Douglas Longhini, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-20330-Civ-Scola |
| | ) |
| Hayday, Inc., and others, | ) |
| Defendants. | ) |

### Order on Defendants' Motions to Dismiss

The Plaintiff bring this lawsuit pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a ("ADA"). This matter is before the Court on the Defendants' motions to dismiss (ECF Nos. 21, 22, 28, 44). For the reasons set forth in this Order, the Court **denies** Defendant Hayday, Inc.'s motion to dismiss (ECF No. 21) and **grants** Defendants El Prado Corp., Government Discount, Inc., and Walgreen Co.'s motions to dismiss (ECF Nos. 22, 28, 44).

1. **Background**

Plaintiff Douglas Longhini is a disabled individual who requires the use of a wheelchair to ambulate. (Compl. ¶ 5.) The Complaint alleges that Defendant Hayday, Inc. ("Hayday") owns, leases or operates Central Shopping Plaza in Miami, Florida. (*Id.* ¶ 7.) Defendants El Prado Corp. ("El Prado"), Government Discount, Inc. ("Government Discount"), and Walgreen Co. ("Walgreen") own, lease, or operate restaurants or stores in the shopping plaza. (*Id.* ¶ 9, 11, 13.)

Longhini alleges that he visited the shopping plaza in 2016 to conduct business and encountered architectural barriers that impeded his access to the shopping plaza. (*Id.* ¶ 19.) Longhini also alleges that he is a "tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." (*Id.* ¶ 25.) When Longhini visited Central Shopping Plaza, he was not able to access parking, paths of travel, goods and services, and public restrooms without encountering architectural barriers. (*Id.* ¶ 21.) Longhini alleges that the shopping plaza is a place of public accommodation under the ADA, that the Defendants have denied him full and equal enjoyment of the goods, services, privileges, advantages, and accommodations of the Central Shopping Plaza, and that the Defendants were required to remove the architectural barriers to the extent readily achievable. (*Id.* ¶¶ 14-15.) Longhini intends to return to the

shopping plaza in the near future once the barriers are removed to visit the stores and to ensure that the shopping plaza is in compliance with the ADA. (*Id.* ¶¶ 22, 26-27.) Longhini seeks injunctive relief and attorneys' fees and costs. (*Id.* at 10-11.)

2. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

3. **Analysis**

Each of the Defendants has moved to dismiss the Complaint. As an initial matter, the Court must address the arguments made by some of the Defendants that Longhini lacks standing to bring this suit. A plaintiff has standing to bring a claim if the following three elements are met: (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted). In order to obtain injunctive relief, a party must also show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future. *Wooden v. Bd. of Regents of Univ. System of Georgia,* 247 F.3d 1262, 1283 (11th Cir. 2001).

A plaintiff's allegation that he intends on visiting the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1337 (11th Cir. 2013) (holding that the plaintiff had standing to seek injunctive relief under the ADA because he alleged that he traveled to Miami-Dade County on a regular basis and expected to continue to do so in the future, and that he wished to return to the subject premises, which was located in Miami-Dade County); *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that allegation that the plaintiff would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA); *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1296 (S.D. Fla. 2012) (Marra, J.) (holding that the plaintiff's allegation that he intended to return to the property in the near future was sufficient to support standing to seek injunctive relief under the ADA); *but see Bowman v. G.F.C.H. Enterprises, Inc.*, No. 14-22651, 2041 WL 5341833, at *2-3 (Oct. 20, 2014) (Moreno, J.) (holding that plaintiff did not have standing because she failed to demonstrate a "concrete and realistic plan" to return to the subject premises and failed to provide any support for her assertion that she would return to the premises). Since Longhini alleges that he intends to return to the shopping plaza in the near future once the architectural barriers are removed and that he lives in the same county as the shopping plaza, he has sufficiently alleged a sufficient likelihood that he will continue to be affected by the architectural barriers at the shopping plaza. (*Id.* ¶¶ 22, 26-27.)

In addition, Longhini has sufficiently alleged that he suffered an injury in fact, that there is a causal connection between the injury and the alleged architectural barriers, and that it is likely that the injury will be redressed by a favorable decision. Therefore, Longhini has sufficiently alleged that he has standing to bring this suit. The Defendants note that the Complaint alleges that Longhini is a "tester for purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." (Compl. ¶ 25.) However, a plaintiff's status as a tester does not automatically deprive him of standing to maintain a suit for injunctive relief under the ADA so long as the plaintiff meets the elements of standing. *See Houston*, 733 F.3d at 1332-34.

The Court will next address the Defendants' arguments that the Complaint fails to state a claim upon which relief may be granted.

### A. Defendant Hayday's Motion to Dismiss

Defendant Hayday first notes that the Plaintiff has failed to file a verified statement of particulars as required by the Court's initial order (ECF No. 5).

The Plaintiff filed a statement notifying the Court that it was unable to find any prior cases against the Defendants, but Hayday notes that Central Shopping Plaza was the subject of another lawsuit in the Southern District of Florida. (Mot. to Dismiss at 2 fn. 1, ECF No. 21.) In addition, the Plaintiff's statement did not specifically list each of the architectural barriers that the Plaintiff encountered. The Plaintiff did not address his failure to file a verified statement of particulars that complied with the Court's order in his response to the motion to dismiss (ECF No. 32.) The Court orders the Plaintiff to file a statement of particulars that complies with the Court's initial order and addresses the prior lawsuit against Defendant Hayday on or before June 28, 2017.

Hayday next argues that the Complaint should be dismissed because the "Plaintiff has not plead sufficient facts to provide Hayday with fair notice of how it allegedly discriminated against him." (Mot. to Dismiss at 2.) The Complaint lists over four pages of specific architectural barriers that the Plaintiff encountered at the shopping plaza, along with citations to specific regulations that each barrier violates. (Compl. ¶ 29.) However, Hayday argues that the Plaintiff has not identified the specific locations in which he encountered some of the alleged barriers. (Mot. to Dismiss at 4.) Therefore, Hayday argues that the Court should dismiss the Complaint or, in the alternative, require a more definite statement. (Mot. to Dismiss at 4-5.)

All that is required of a complaint is that it state a claim to relief that is plausible on its face. *Ashcroft,* 556 U.S. at 679. Since Hayday allegedly owns the entirety of the shopping plaza, the allegations in the Complaint are sufficient to state a claim to relief that is plausible on its face. The Complaint lists each architectural barrier that the Plaintiff encountered at Central Shopping Plaza, describes each barrier, and provides a citation to the specific regulation that each barrier violates. (Compl. ¶ 29.) This information is sufficient to inform Defendant Hayday of the basis for the Plaintiff's claims. *See Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1294-95 (S.D. Fla. 2012) (Marra, J.) (holding that a listing of the various physical barriers that precluded the plaintiff's ability to access the defendant's property was sufficient to provide the defendant with notice of the plaintiff's claims, and noting that the defendant could obtain more specificity regarding the barriers through discovery); *Raetano v. Bray*, No. 8:12-cv-966, 2012 WL 2979022, at *2 (M.D. Fla. July 20, 2012) (denying motion to dismiss where defendant argued that the plaintiff had failed to identify in which tenant spaces alleged ADA violations existed); *but see Kennedy v. Gulf Gate Plaza, LLC*, No. 2:16-cv-806, 2017 WL 519107, at *2 (M.D. Fla. Feb. 8, 2017) (dismissing complaint because the plaintiff failed to identify where in the shopping center the discriminatory barriers were located). Defendant Hayday may obtain more specificity regarding

the exact location of the architectural barriers through discovery. Therefore, the Court denies Hayday's motion to dismiss.

### B. Defendants Government Discount, Walgreen, and El Prado's Motions to Dismiss

Defendants Government Discount, Walgreen, and El Prado argue, among other things, that the Complaint improperly lumps all of the Defendants together and fails to identify which architectural barriers the Plaintiff specifically encountered in Government Discount, Walgreen, and El Prado's tenant spaces. (Gov't Discount's Mot. to Dismiss at 5-6, 8, ECF No. 22; Walgreen's Mot. to Dismiss at 3-5, ECF No. 28; El Prado's Mot. to Dismiss at 4-5, ECF No. 44.) "Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually," a plaintiff must still provide a factual basis to distinguish each defendant's conduct. *Petrovic v. Princess Cruise Lines, Ltd.*, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012) (Altonaga, J.) (internal quotations and citations omitted).

The Complaint includes a list of architectural barriers that the Plaintiff alleges against Defendant Hayday, and a list of architectural barriers that the Plaintiff alleges against "all defendants." (Compl. ¶ 29.) However, the only architectural barriers alleged against "all defendants" are architectural barriers that the Plaintiff encountered in the "public restrooms" at the shopping plaza. (Compl. ¶ 29.) The Complaint does not allege that the public restrooms are located in Government Discount, Walgreen, or El Prado's tenant spaces, or, in the event that the public restrooms are located in common areas in the shopping plaza, that those tenants exercise any control over the public restrooms. Therefore, the Complaint fails to state a claim for relief against Government Discount, Walgreen, or El Prado that is plausible on its face because the Plaintiff has not alleged any facts to support his assertion that those tenants in particular discriminated against the Plaintiff on the basis of his disability.

### 4. Conclusion

Accordingly, Court **denies** Defendant Hayday, Inc.'s motion to dismiss (**ECF No. 21**), and **grants** Defendants Government Discount, Walgreen, and El Prado's motions to dismiss (**ECF Nos. 22, 28, 44**). The Court **dismisses without prejudice** the claims against Government Discount, Walgreen, and El Prado. If the Plaintiff is able to correct the deficiencies in the Complaint, he may file an amended complaint on or before **July 3, 2017**. In addition, the Plaintiff must file a verified statement of particulars on or before **June 28, 2017**.

**Done and ordered** in chambers, at Miami, Florida, on June 21, 2017.

_____
Robert N. Scola, Jr.
United States District Judge